COLUMBIA,
September,
1831.

JUSTICES of
Inferior Court
*v.*
Administrator of
WYNN.

---·—◉◉◉—···—

IN RICHMOND SUPERIOR COURT, JUNE TERM, 1831.

## THE STATE *vs.* LEAH SIMONS.

### *Judgment for cattle stealing.*

THE defendant being found guilty, moves for a new trial on several grounds. The first is that the cow, the subject of the alleged larceny, was claimed by her, as her own property, which claim repels the idea of felonious intention, necessary to make the taking a larceny.

This is the only ground on which the motion can rest; and as it is the province of the jury to decide upon the intention, it is exceedingly questionable whether the court should interfere with their verdict, in a case where there has been no improper conduct by the jury, and where there was some testimony from which a felonious intention might have been inferred.

The mind of the court has inclined strongly against the motion; and in now yielding to it, greatly apprehends that it allows too much latitude to the discretion and power of the court, in granting new trials, and makes a dangerous precedent. But there are peculiar circumstances in the case which seem not only to authorize, but to require the exercise of this power, which is given for the advancement of justice. The subject of the alleged larceny is a part of a considerable property to which the defendant and the prosecutor assert adverse claims. Each has endeavored to obtain and keep possession of it, and the prosecutor has thus far prevailed. In their various contests, much very angry and bitter feeling has no doubt been excited, and each is still struggling for the property. Under these circumstances, and in this state of feeling the defendant may have gone, and possibly did go very unwarrantable lengths to get possession of the cow; yet if she acted from a belief that the cow was hers, and took her *bona fide* under such claim, however she may have trespassed upon the rights of the prosecutor, there could have been no felonious intention. And under a claim asserted thus privately and publicly, even here in this court, proof must be very clear that the taking was *mala fide* and in fraud of the rights of the prosecutor to warrant a conviction; and here the proof was not very strong.

It is said juries are the judges, in criminal cases both of

*Margin note:* Though juries be constituted judges both of law and fact in criminal cases, and courts should be cautious about interfering with their verdicts in such cases, yet if juries mistake law and fact, or draw improper legal conclusions from given facts, to prevent injustice, and allow them an opportunity to correct errors, the court will sometimes grant a new trial even when there has been no corrupt or improper conduct on the part of the jury.

*Margin reference:* Prin. Dig. 572.

RICHMOND,
Jun , 1831.

STATE
v.
SIMONS.

law and fact, and that courts should be cautious of interfering with their verdicts. This is true, but as juries may mistake both law and fact, and may sometimes draw improper legal conclusions from given facts, it is the business of courts to prevent injustice being thereby done, and to allow them an opportunity of correcting any error into which they may have fallen, by granting a new trial. And as the court believes that in this case, thus doubtful as it considers it, a new trial is much the safer course, and one that justice prescribes,

It is ordered that the verdict be set aside, and a new trial awarded.